289 So.2d 918 (1974)
Forrest COLEMAN et al., Respondents-Appellants,
v.
MISSISSIPPI STATE HIGHWAY COMMISSION, Petitioner-Appellee.
No. 47394.
Supreme Court of Mississippi.
February 11, 1974.
*919 Cumbest & Cumbest, P.A., John L. Hunter, Pascagoula, for respondents-appellants.
William J. Palmer, Pascagoula for petitioner-appellee.
PATTERSON, Justice:
This is an appeal by Forrest Coleman and others from a judgment of the County Court of Jackson County. There a default judgment of $1075 was entered in an eminent domain proceeding for .55 acres of the appellant's land.
The issues presented are whether the trial court abused its discretion in denying the landowners a continuance by which they sought greater time to file pleading directed to the value of the land permitted by the provisions of Mississippi Code Annotated section 11-27-7 (1972), and whether the court erred in basing its judgment upon the petitioner's statement of values required by the above code section rather than upon evidence by way of a writ of inquiry.
On July 19, 1972, the petitioner, Mississippi State Highway Commission, filed its application for a special court of eminent domain to consider the condemnation of .55 acres of land owned by the appellants. The petition was presented to a judge of the county court who set the hearing by fiat for 9:00 a.m. on October 3, 1972, in the Jackson County Courthouse and directed a venire facias to the sheriff commanding him to summon fifty jurors to appear at that place and time.
On August 9, 1972, the petitioner filed a statement of $750 which was later amended to $1075 as the total compensation and damages determined by it to be due the respondents.
No statement of values required by Section 11-27-7 having been filed by the respondents, the petitioner moved for a default judgment on October 2, 1972. This motion requested the amount of the judgment to be $1075, the sum set forth in the amended statement of values filed by the petitioner.
On October 3, 1972, the day of trial, the respondents had still not filed their statement *920 of values. Instead they filed a motion to continue and thus enlarge the time for filing such statement. The basis therefor was that the court had sustained a motion for a default judgment the previous day in a similar case in which the movants had an interest. The motion was overruled and a default judgment was entered in the sum of the petitioner's valuation of the property without evidence being adduced. Thereafter a motion to set aside the judgment was refused and this appeal was taken by the respondents.
While it is undoubtedly true that a trial judge has the authority to increase or decrease the time for pleading by the parties under Section 11-27-7, nevertheless the exercise of this prerogative is motivated only "for good cause shown" by its terms, thus placing the invocation of the prerogative within the discretion of the trial judge. The present determination that good cause did not exist for an enlargement of time to plead does not indicate an abuse of judicial discretion since it appears that the respondents had notice and ample time to meet the statutory requirements, but did not plead or give any reason for not doing so. Ponder v. O'Neal Electric Co., 214 So.2d 453 (Miss. 1968), and Parker v. State, 201 Miss. 579, 29 So.2d 910 (1947). We conclude there was no error in denying appellants' motion for a continuance.
We do think, however, that the court erred in not submitting the question of value to a jury for its resolution from competent evidence. This issue is in essence the "due compensation" requirement of Article 3, Section 17, Mississippi Constitution (1890) which can only be satisfied in a manner prescribed by law. The constitutional "manner to be prescribed by law" has been announced heretofore. In Mississippi State Highway Commission v. Hillman, 189 Miss. 850, 198 So. 565 (1940), we stated that the burden of establishing damages, due compensation, in eminent domain proceedings is upon the petitioner. The measure of damages was specified as the difference between the fair market value of the whole tract immediately before the taking and the fair market value of that remaining immediately after the taking. Mississippi State Highway Comm'n v. Hillman, supra, and the more recent cases of Mississippi State Highway Comm'n v. Rogers, 271 So.2d 731 (Miss. 1973), and Mississippi State Highway Comm'n v. McArn, 246 So.2d 512 (Miss. 1971).
A review of many eminent domain cases indicates that all were tried by juries. It also appears that prior to the enactment of Chapter 27 of Mississippi Code Annotated section 11-27-1 et seq. (1972) the pleadings in these cases were few indeed. In many instances this scarcity left both the condemnor and the condemnee in a dilemma as to the values which would be elicited from the witnesses in the cause, the situation lending itself to a swearing contest without value limitations.
One of the purposes of the enactment of Chapter 27 was to eliminate this quandary. To this end the statute provides that each of the parties shall file a statement showing the fair market value of the property to be condemned, determined as of the date of the filing of the petition, the damages, if any, to the remainder if less than the whole is taken, giving a total compensation and damages to be due as determined by them. These statements constitute the pleadings of the parties with respect to the issue of value and are to be treated as pleadings are treated in civil causes in the circuit court. The statement of value submitted by the petitioner, in our opinion, is not evidence upon which a judgment could be rendered to compensate the respondents for the loss of their land unless specific intention therefor is expressed in Chapter 27, supra.
Our study of this chapter reveals nothing to indicate the prior rulings of this Court relating to compensation, burden of proof, the before and after taking measure of damages, or jury trial to have been superseded. *921 In fact, we think the contrary to be true since it concludes with "Nothing in this chapter shall be construed or shall operate to negate, abridge or alter rights vested pursuant to any prior statutes repealed and reenacted hereby, or to affect judicial construction thereof." Moreover, we are of the opinion the legislature intended that a jury should determine the value issue since we note that jury procedures were enacted for their summoning, empaneling, instructing, etc., all of which are prerequisites to a jury verdict. In fact, the form of verdict and the judgment to be taken thereon emphasizes this point, the latter including the following language:
Upon the return of the verdict, the court shall enter a judgment as follows, viz: "In this case the claim of ... to have condemned certain lands named in the petition, to wit: ... being the property of... was submitted to a jury composed of ... on .. . and the jury returned a verdict fixing said defendant's compensation and damages at  dollars, and the verdict was received and entered... ." (Sec. 11-27-25)
We are of the opinion, in view of the prior cases and the recent statutes, that the court erred in not submitting this cause to a jury by way of a writ of inquiry so that it might have determined the compensation due the landowners.
The cause is therefore reversed and remanded for trial within the limitations of the present pleadings since "good cause" was not revealed to the trial court nor suggested to this Court by the appellants in explanation of their failure to file their pleadings. The pleadings relating to value are required by Section 11-27-7 and without them Chapter 27 on eminent domain becomes meaningless to a large extent. Legislative procedures for trial of eminent domain cases were not designed to be lightly set aside by the inaction of litigants.
Affirmed in part, reversed and remanded in part with limitations.
RODGERS, P.J., and INZER, SMITH and SUGG, JJ., concur.