319 So.2d 231 (1975)
MISSISSIPPI STATE HIGHWAY COMMISSION
v.
J.P. AMOS.
No. 48323.
Supreme Court of Mississippi.
September 22, 1975.
*232 Merrimen M. Watkins, Crystal Springs, for appellant.
Armstrong & Hoffman, John T. Armstrong, Jr., Hazlehurst, for appellee.
Before RODGERS, SUGG and BROOM, JJ.
BROOM, Justice.
Mississippi State Highway Commission (Commission) appeals from a judgment of $1,750 entered in a special court of eminent domain of Copiah County, Mississippi. We affirm.
The chief issue is whether, under Mississippi Code Annotated section 11-27-7 (1972), a judge may in a special court of eminent domain permit the landowner (appellee) to file his statement of values less than ten days before trial date.
Condemnation of 3.2 acres of appellee's land from a fifty-six acre tract was sought by the Commission in a special court. After filing its application on March 30, 1973, the Commission filed its statement of values and damages totaling $1,065 on May 14 next. On May 25, the appellee filed a motion for additional time in which to plead. Neither the Commission nor the court responded to the motion for additional time, and on May 31 the appellee filed a statement of values ($1,840). Just before the trial of the cause on June 5, 1973, appellee, without leave of the court, filed an amended statement of values ($2,160). The Commission moved for a default judgment on the ground that the appellee had failed to file proper pleadings. No other response or objection was made by the Commission to the appellee's amended statement of values. The court overruled the motion and entered an order nunc pro tunc in effect sustaining the appellee's original motion for additional time in which to plead and allowing the amended statement of values.
The Commission argues that the court abused its discretion and erred in entering the nunc pro tunc order allowing the landowner to file his amended statement of values on the day of the trial instead of ten days prior thereto pursuant to section 11-27-7.
We note that section 11-27-7 provides that the judge "for good cause shown, may increase or decrease the time for pleading" *233 by either party. As said in Coleman v. Mississippi State Highway Commission, 289 So.2d 918 (Miss. 1974), trial judges have discretion in invoking the prerogative to enlarge the time for pleading as specified in the statute. Coleman also held that the provisions of Chapter 27 of Mississippi Code Annotated require that the issue of value be determined by a jury and that no default judgment will issue, even in the absence of pleadings by the landowner.
From the record, it cannot be said that the trial judge abused his discretion by entering the order nunc pro tunc and allowing the appellee to file his amended statement of values on the day of the trial. Careful study of the record does not show that the Commission was prejudiced by the action of the trial judge complained of here. We note that the disparity between the statements of value was not great and the Commission does not contend that the amount of the verdict was excessive.
With regard to appellant's contention that the amended statement of values was erroneously allowed, this again is a province in which the trial judge is invested with discretionary power. Statements of value are to "be treated as pleadings are treated in civil causes in the circuit court." Miss. Code Ann. § 11-27-7 (1972). Mississippi Code Annotated section 11-7-115 (1972), concerning pleadings in the circuit court, provides:
The court shall have full power to allow all amendments to be made in any pleading or proceeding at any time before verdict... .
The same circumstances that influenced the trial judge to allow the defendant additional time to file the original statement of values also influenced him in permitting the amendment. In this case the appraisal report of the court appointed appraiser (filed one day prior to the filing of appellee's amended statement of values) tended to support rather than refute the defendant's amended valuation. No cause for questioning the exercise of the trial judge's discretion is apparent.
Affirmed.
GILLESPIE, C.J., and PATTERSON, INZER, SMITH, ROBERTSON, and WALKER, JJ., concur.