McMILLIN, C.J.,
for the Court.
¶ 1. This case is now before the Court on appeal from a judgment on the pleadings rendered in the Chancery Court of the First Judicial District of Hinds County confirming title to a certain tract of real property in the appellee, 20/20 Investments, LLC. The appeal is brought by Doris A. Derby, one of the named defendants in the title confirmation suit. Derby has appeared pro se in this proceeding, representing herself at all stages of the ease. Her appeal centers principally on her complaint that the trial court proceeded with a scheduled hearing on the motion for judgment on the pleadings despite Derby’s representation to the court that she could not be available at that time. We do not think the chancellor erred in refusing Derby’s request for a continuance from her initial appearance through the filing of this appeal. However, finding plain error on the face of the record affecting the fundamental fairness of this verdict, we reverse and remand for further proceedings consistent with this opinion.
¶ 2. In its complaint, 20/20 Investments claimed fee title to the property as the grantee of Breen Capital Investment Corporation. The complaint alleged that Breen Capital acquired the property by virtue of being the high bidder at a tax sale conducted on August 25, 1997. The complaint further alleges that Breen received a tax deed to the property after the two-year redemption period expired. The complaint, in deraigning title, alleged that Derby appeared in the chain of title as having purchased the property in 1970 and having sold it to Edward and Clara Ger-alds in 1989. The complaint further alleges that Mr. And Mrs. Geralds were the record owners of the property at the time of the tax sale but that they had faded to redeem the property by paying the taxes and all penalties and interest within two years of the sale date.
¶ 3. No allegation in the complaint purports to identify what potential interest Derby may have held in the property different from that of Mr. and Mrs. Geralds that would make Derby a necessary party to the proceeding. In her brief before this Court, Derby seems to suggest that she had some sort of interest in the property securing payment of a part of the consideration for the transaction between her and Mr. and Mrs. Geralds. Of course, such assertions are not a part of the record and, thus, cannot be considered by this Court.
¶4. The result is to leave this Court entirely in the dark as to what the issues were insofar as Derby’s possible interest in the property. It seems evident that 20/20 Investments believed that Derby had some existing legal or equitable claim to *502 the property since it went to extensive trouble to ensure that this Georgia resident was made a party to the proceeding. Merely being a predecessor in title to Mr. and Mrs. Geralds, standing alone, would not make Derby a necessary party any more than one of the other approximately nine predecessors in the chain of title identified in the complaint; none of which were made party defendants.
¶ 5. We acknowledge that, with the adoption of the Mississippi Rules of Civil Procedure, this State became a “notice pleading” State, so that a detailed recitation of all the underlying facts establishing the plaintiffs entitlement to relief need not be set out in the complaint. Crowe v. Crowe, 641 So.2d 1100, 1104 (Miss.1994); M.R.C.P. 8. However, even under notice pleading in a case of this nature, it is necessary for 20/20 Investments to describe with a reasonable degree of certainty the nature of Derby’s present claim to the property that would be extinguished were fee title to be confirmed in 20/20 Investments.
¶ 6. In the present state of the record, we are faced with a situation where 20/20 Investments has alleged certain facts that it contends entitle it to be adjudicated the sole owner of the unencumbered fee title to the affected property. As a part of the process of having that claim judicially determined, 20/20 Investments has, at least by inference, suggested that Derby has an existing interest in the property that, if not dealt with, would cast doubt on the validity of the title claimed by 20/20 Investments. The problem we face is that the pleadings do not disclose the nature of that interest. Additionally, Derby has filed an answer in which she denies every essential allegation of the complaint, including specifically that the property was ever sold for taxes or that 20/20 Investments is the owner of the title to the property by virtue of a conveyance from the purchaser at such a tax sale. While the chancellor may have concluded that Derby’s factual basis for such categorical denials of the complaint’s allegations appeared dubious, that determination cannot normally be made in the context of a motion for judgment on the pleadings. In that light, we observe that no information outside the pleadings was presented for consideration by the chancellor so that it cannot be contended that, in actuality, the motion by 20/20 Investments was treated as a summary judgment motion. See M.R.C.P. 56. An allegation in a complaint met with a general denial of the truth of that allegation in a properly filed answer puts the plaintiff to its proof under our system of procedure, unless the denial is patently frivolous. Certainly, there are available shortcuts to a full trial when such denials have no basis in fact — such as a summary judgment motion designed to compel the respondent to disclose the nature of its evidence in support of its denials or face the loss of the case — but those available remedies devised in the name of judicial economy do not extend so far as to permit the trial court to simply disregard an answer to a complaint solely because of the court’s unarticulated misgivings concerning the legitimacy of factual denials contained in the answer.
¶ 7. Derby has brought her appeal principally on the basis that her motion for a continuance from the scheduled hearing on 20/20 Investment’s motion for judgment on the pleadings was improperly denied and the hearing conducted in her absence. On that score, the Court is satisfied that Derby did not properly support the allegations of her motion with factual proof in the form of affidavits or other evidence that the conclusory allegations of her motion concerning her unavailability were *503 genuine. Neither did she pursue a ruling on her motion by way of seeking a hearing or other means of bringing her motion before the chancellor for consideration in advance of the hearing. Thus, we do not think the chancellor abused his discretion in proceeding with the hearing at the appointed time in Derby’s absence.
¶ 8. Nevertheless, we do not think that Derby’s absence from the hearing authorized the chancellor to take as confessed a motion that, on its face, had no merit. The decision to grant judgment on the pleadings in favor of the plaintiff in an action to quiet title when the nature of the defendant’s adverse interest in the property is not even pled, especially in the circumstance when the defendant responds with a general denial of the validity of the plaintiffs title, is so plainly in error and so fundamentally goes to the inherent fairness of the judicial process that we find it necessary to note the entry of the judgment as plain error. State Highway Comm’n of Mississippi v. Hyman, 592 So.2d 952, 957 (Miss.1991). It would, in fact, appear more appropriate on the state of this record for the chancellor to have dismissed the complaint as to Derby on the court’s own motion since the complaint, insofar as any relief against Derby is concerned, fails to “contain ... a short and plain statement of the claim showing that [20/20 Investments] is entitled to relief ...” against Derby. M.R.C.P. 8(a)(1).
¶ 9. We, therefore, reverse and remand the judgment on the pleadings rendered in this case insofar as that judgment purports to affect the presently-undefined rights of Derby to the real property in dispute. Upon remand, 20/20 Investments should be required, if it desires to go forward, to amend its complaint to allege exactly what legal or equitable interest in the property in favor of Derby it proposes for the court to extinguish, after which Derby should be permitted to amend her answer to respond appropriately so that the issues of the case can be properly joined and ultimately resolved.
¶ 10. The Court rejects Derby’s remaining contention that, because she is a non-resident of this State, the federal court system has exclusive jurisdiction of this proceeding. That contention is simply incorrect. Even if all prerequisites for federal jurisdiction of a state law claim based solely on diversity of citizenship are met, that federal jurisdiction is concurrent and not exclusive. Koehring Co. v. Hyde Const. Co., 254 Miss. 214, 229, 178 So.2d 838, 842 (1965).
¶ 11. Additionally, we reiterate that relief was not granted in this cause based on the chancellor’s refusal to grant Derby’s request for a continuance. While parties are entitled to proceed pro se, the fact that a party is without representation by an attorney knowledgeable in the court’s procedural rules does not mean that the unrepresented party will be excused from compliance with the rules and treated more leniently for failure to follow those rules. Dethlefs v. Beau Maison Dev. Corp., 511 So.2d 112, 118 (Miss.1987). Derby has figuratively dodged a bullet in this one instance because of a fundamental flaw in the complaint brought against her, despite her otherwise-fatal misunderstanding of the necessary steps to obtain a continuance for a properly-noticed motion hearing. There are, beyond question, risks attached to proceeding with litigation without representation by competent counsel and Derby should not take false comfort from the fact that she has, in this one instance, survived to fight another day.
*504 ¶ 12. THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ„ CONCUR.