KING, JUSTICE,
DISSENTING:
¶ 17. The majority argues that Davenport did not object to the bond set on the condition of granting her motion to quash, and that she thus waived any objection to the same on appeal. Because I believe that the Court should address the issue, I respectfully dissent.
¶ 18. It is true that when a party fails to object at the trial court level, “the point of error is not preserved on appeal.” State Highway Comm’n of Mississippi v. Hyman, 592 So.2d 952, 957 (Miss. 1991). However, “[t]his Court retains the power to notice plain error.” Id. “The plain error doctrine reflects a policy to administer the law fairly and justly.[2] A party is protected by the plain error rule when (1) he has failed to perfect his appeal and (2) when a substantial right is affected.” Id. In this case, a substantial right is affected, as Davenport had her entire Title VII lawsuit stripped from her control—purchased by the defendant in that suit itself. Moreover, the trial court committed plain error by conditioning the grant of a motion to quash on the posting of a bond, something that was not within its power to do under Rule 65.
¶ 19. Mississippi Rule of Civil Procedure 65 provides that
No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs, damages, and reasonable attorney’s fees as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained[.]
M.R.C.P. 65(c). The trial court did not issue a restraining order or preliminary injunction, thus Rule 65 does not apply. And Hansaworld does not point this Court to any other authority for granting a bond in this case. Hansaworld-argues that the trial court’s order granting a motion to quash is tantamount to a preliminary injunction. But it is not. First, the order in no way enjoins or restrains Hansaworld, so the purpose of requiring a bond is unclear. Second, granting a motion to quash offers permanent relief, while granting a preliminary injunction offers temporary relief. An order granting a motion to quash determines that the instrument to be quashed is irretrievably improper and should be eliminated.
¶ 20. To “quash” means “[t]o annul or make void; to terminate.” Quash, Black’s Law Dictionary (10th ed. 2014). A “motion to quash” is therefore “[a] party’s request that the court nullify process or an act instituted by the other party, as in seeking *772 to nullify a subpoena.” Motion to Quash, Black’s Law Dictionary (10th ed. 2014). The trial court in this case found that, after considering the pleadings and arguments, “the emergency motion to quash the alias writ of execution shall be and hereby is granted, conditioned on the posting of a bond by Davenport in the amount of $100,000.” Thus, the trial court found that the alias writ of execution should be completely nullified, as it apparently found that such alias writ was improper. To condition the complete nullification of an improper instrument on the posting of security is problematic and outside the scope of the rules. Either the writ of execution is improper and should be quashed regardless of ability to pay, or it is proper and should be allowed. Moreover, quashing an instrument, nullifying it forever, in no way threatens to improperly enjoin or restrain Hansaworld. Thus, the trial court was without the authority to condition the grant of the motion to quash on the posting of a bond. For this reason, I believe that the judgment of the trial court should be reversed.
KITCHENS, J., JOINS THIS OPINION.

. The plain error doctrine is consistent with the judicial oath of office. Miss. Const, art. 6, § 155 ("I will administer justice without respect to persons, and do equal right to the poor and to the rich[.]”).