# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-00052-COA

**MICHAEL PORRAS A/K/A MICHAEL D. PORRAS**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                      **APPELLEE**

DATE OF JUDGMENT:            11/30/2020
TRIAL JUDGE:                 HON. JOHN KELLY LUTHER
COURT FROM WHICH APPEALED:   LAFAYETTE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      MICHAEL PORRAS (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                 AFFIRMED - 04/19/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE WILSON, P.J., GREENLEE AND EMFINGER, JJ.

### GREENLEE, J., FOR THE COURT:

¶1.     Michael Porras appeals from the order of the Lafayette County Circuit Court denying his motion for post-conviction collateral relief (PCR). Finding no reversible error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.     In 2006, Porras was convicted of burglary of a dwelling. That same year, Porras waived his right to an indictment and was charged through a bill of information with a felony charge of driving under the influence (DUI). The bill of information alleged that Porras "had been previously convicted two or more times within a period of five (5) years of violating [section 63-11-30(1)]." The bill of information stated:

(1) The defendant, Michael D. Porras, was convicted in the Municipal Court of the City of Memphis, Tennessee on the 20th day of March, 2002, of the offense of driving under the influence, which incident occurred less than 5 years prior to June 29, 2006.

(2) The defendant, Michael D. Porras, was convicted in the County Court of Shelby County, Tennessee, in the city of Memphis, Tennessee on the 18th day of November, 2002, of the offense of driving under the influence, which incident occurred less than 5 years prior to June 29, 2006.

Porras ultimately pled guilty and was sentenced to five years in the custody of the Mississippi Department of Corrections (MDOC), with two years suspended and three years to serve. He was also ordered to pay a $2,000 fine and $100 to the Crime Victim's Compensation Fund. According to the court's sentencing order, Porras "[was] placed on two years of supervised probation," and at some point during that time he violated the terms of his probation. In March 2009, the court ordered "said post[-]release supervision and [two] year(s) of the [five] year(s) suspension of sentence be and the same are hereby revoked and the defendant is required to serve [three] year(s) of his sentence in the custody of the state department of corrections . . . ."

¶3. A few years later in 2013, Porras entered a petition to plead guilty to possession of a controlled substance. However, the court deferred "entry of a judgment of guilt on [the plea] pending the successful completion of . . . supervised probation for a period of [one year]."

¶4. Then in 2017, Porras was indicted for two counts of burglary of a dwelling as a non-violent habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015). The indictment stated, in part, that Porras

[had] been convicted at least twice previously of a felony or federal crime

2

upon charges separately brought and arising out of separate incidents at different times and shall have been sentenced to separate terms of one (1) year or more in a state and/or federal penal institution, whether in this state o[r] elsewhere, and to the extent that the specifics of said convictions and sentences are known to the Grand Jury at this time they are more particularly described as follows, to-wit:

(1)     The defendant, MICHAEL PORRAS, was convicted on the 11th day of July, 2006 in cause number LK06-242, in the Circuit Court of Lafayette County, Mississippi, of the offense of Burglary of a Dwelling, a felony crime and was sentenced to 10 years in the custody of the MS Department of Corrections with 7 years suspended, leaving 3 years to serve.

(2)     The defendant, MICHAEL PORRAS, was convicted on the 9th day of January, 2013 in cause number LK12-249, in the Circuit Court of Lafayette County, Mississippi, of the offense of Possession of Schedule 2 Controlled Substance, a felony crime and was sentenced to 3 years in the custody of the MS Department of Corrections with 3 years suspended, with probation.

(3)     The defendant, MICHAEL PORRAS, was convicted on the 20th day of July, 2006 in cause number LK06-270, in the Circuit Court of Lafayette County, Mississippi, of the offense of Felony DUI, a felony crime and was sentenced to 5 years in the custody of the MS Department of Corrections with 2 years suspended, leaving 3 years to serve.

Porras ultimately pled guilty to both counts of burglary, and in June 2018 he was sentenced, as a habitual offender, to fifteen years in MDOC's custody, with seven years suspended and eight years to serve for each count, to be served concurrently, and five years of supervised probation.[1]

¶5.     On October 21, 2019, Porras filed a "Motion to Vacate, Set Aside or Correct

---

[1] Porras was also ordered to pay $500 in restitution and $100 to the Crime Victim's Compensation Fund.

3

Sentence," which the court treated as a PCR motion.[2] In his motion, Porras took issue with his 2006 felony DUI conviction and his sentence for his 2018 burglary convictions. He argued that the 2006 bill of information charging him with felony DUI contained errors. Specifically, he asserted that the dates of the two prior DUI convictions that were used as the basis of his 2006 felony DUI conviction were actually "arrest dates" and not dates of conviction. Therefore, according to Porras, the bill of information for felony DUI was defective, his conviction and sentence for felony DUI were illegal, and the felony DUI conviction should not have been used to classify him as a habitual offender for his 2018 burglary convictions. Additionally, Porras argued that he served six years of a five-year sentence after his probation for the 2006 felony DUI conviction was revoked. He also asserted that he had received ineffective assistance of counsel.

¶6. Subsequently, in May 2020, Porras filed a motion to compel, stating that the State had not responded to a motion for discovery that he allegedly had filed in March 2020.

¶7. Around the same time, the court ordered the State to respond to Porras' PCR motion within thirty days. Specifically, the court ordered the State to provide documents, if any, to verify Porras' two prior DUI convictions that were used as the basis of his 2006 felony DUI conviction. After the State filed a motion for an extension of time, the court entered an order granting the State an additional thirty days from the entry of the court's order dated June 26,

---

[2] "A pleading cognizable under the Uniform Post-Conviction Collateral Relief Act (UPCCRA) will be treated as a motion for post-conviction relief that is subject to the procedural rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleading." *Watson v. State*, 295 So. 3d 542, 543 (¶3) (Miss. Ct. App. 2019) (quoting *Knox v. State*, 75 So. 3d 1030, 1035 (¶12) (Miss. 2011)).

4

2020, and filed on June 29, 2020. On July 9, 2020, Porras filed a "Petition for Writ of Error Coram Nobis," in which he asked if the State had filed a response to his PCR motion. Then on July 13, 2020, Porras filed a motion for default judgment.

¶8. Subsequently, Porras filed a petition for writ of mandamus in the supreme court. However, the supreme court found that the matter had been set for a hearing and denied the request for mandamus. Prior to the PCR hearing, Porras filed a motion for appointment of counsel; however, the court denied Porras' motion.

¶9. At the PCR hearing, the court noted that Porras' 2017 indictment for two counts of burglary listed prior convictions for burglary of a dwelling, possession of a controlled substance, and felony DUI. According to the court, the possession charge had been non-adjudicated. Therefore, the issue was whether Porras' 2006 conviction for felony DUI was a valid conviction that could be used with his prior 2006 burglary conviction to classify him as a habitual offender.

¶10. The court noted that the bill of information for the 2006 felony DUI conviction listed two prior DUI convictions—one in March 2002 and the other in November 2002. Porras reasserted that those dates were "arrest dates" and not dates of conviction. Then the court asked Porras:

> COURT: Just so I'm clear. Do you contend that you were never convicted of it or [do] you contend that the date is wrong[?]
>
> PORRAS: I just contend that the date that they used was not a conviction date. If I did plead to it, it was not that day.

¶11. The State conceded that the bill of information improperly listed offense dates rather than the dates of conviction. However, Porras seemingly acknowledged that he pled guilty

5

to the offenses. As to the first DUI offense, Porras stated, "it appears that I pled guilty the next year on, but it wasn't on [the bill of information]." As to the second DUI offense, Porras stated, "Now on that one it says that I pled guilty on 2/17/03 which was the following year." The court admitted the charging documents as well as Porras' NCIC[3] report into evidence. Ultimately, the court found that "it appears that based on the records provided to the court that at the time of your plea of guilty to the criminal information [for felony DUI] that you had been previously convicted." At the conclusion of the hearing, Porras asked about his ineffective-assistance-of-counsel claim, and the court held that it was without merit because his prior convictions were valid.[4]

¶12.    After the hearing, the court denied Porras' PCR motion in an order dated and filed on November 30, 2020. Subsequently, Porras filed a notice of appeal on January 14, 2021. On appeal, Porras raises several issues. Because some of Porras' claims may be addressed together, we summarize the issues as follows: (1) whether the court erred by denying Porras' motion for appointment of counsel, (2) whether the court erred by failing to require the State to file a written response to Porras' PCR motion, (3) whether the court erred by denying Porras' PCR motion, and (4) whether the court erred by failing to consider all of Porras' claims.[5]

---

[3] This initialism stands for the National Crime Information Center.

[4] The court further held that Porras could raise his ineffective-assistance claim as to his 2018 burglary convictions separately.

[5] Porras filed two pro se motions for an extension of time to file a reply brief on appeal. He was initially given one fourteen-day extension by order of this Court. However, according to Porras, at the time he filed his second motion, he had not received this Court's

**STANDARD OF REVIEW**

¶13.    "When reviewing a circuit court's denial or dismissal of a PCR motion, we will only disturb the circuit court's decision if it is clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Taylor v. State*, 313 So. 3d 1106, 1109 (¶5) (Miss. Ct. App. 2021) (quoting *Williams v. State*, 228 So. 3d 844, 846 (¶5) (Miss. Ct. App. 2017)).

**DISCUSSION**

¶14.    At the outset, we note that the State asserts that Porras' appeal should be dismissed as untimely filed. "This Court must have jurisdiction to consider this appeal." *Tingle v. State*, 285 So. 3d 708, 710 (¶9) (Miss. Ct. App. 2019) (quoting *Cane v. State*, 206 So. 3d 1268, 1271 (¶7) (Miss. Ct. App. 2016)). Mississippi Rule of Appellate Procedure 4(a) provides that a notice of appeal shall be filed within thirty days "after the date of entry of the judgment or order appealed from." And Mississippi Rule of Appellate Procedure 2(a)(1) states that "[a]n appeal shall be dismissed if the notice of appeal was not timely filed . . . ."

¶15.    The circuit court denied Porras' PCR motion on November 30, 2020. However, Porras did not sign his notice of appeal until January 8, 2021, and it was not filed until several days later. In response to the clerk's show-cause notice, Porras mistakenly asserted that weekends did not count against the thirty-day deadline. Nevertheless, this Court entered

---

order. We then granted Porras' second motion for an extension of time. Porras had until December 13, 2021, to file a reply brief but failed to do so. In a letter dated December 19, 2021, Porras stated that he had a skin condition that would not allow him to file a reply brief at that time. Because his letter was untimely and because he has not filed a reply brief, we will only consider the issues raised in his initial brief.

an en banc order on March 18, 2021, allowing Porras' appeal to proceed as timely. Therefore, we will address the merits of Porras' claims.

## I. Whether the court erred by denying Porras' motion for appointment of counsel.

¶16. Porras claims the circuit court erred by denying his motion for appointment of counsel to represent him at his PCR hearing.

¶17. The circuit court may appoint counsel to represent an indigent defendant in a PCR hearing. Miss. Code Ann. § 99-39-23(1) (Rev. 2020). However, "[t]here is no right to appointed counsel in PCR proceedings." *Brooks v. State*, 208 So. 3d 14, 19 (¶14) (Miss. Ct. App. 2017) (citing *Allen v. State*, 177 So. 3d 1148, 1152 (¶18) (Miss. Ct. App. 2014)). "Even though no right to counsel exists in most civil cases, the [circuit] court has discretion to appoint counsel in PCR proceedings where the [circuit] court determines that the petitioner qualifies and displays a need for counsel." *Higginbotham v. State*, 114 So. 3d 9, 17 (¶26) (Miss. Ct. App. 2012).

¶18. On appeal, Porras argues that appointed counsel could have helped him present his case and subpoena and question the attorney who represented him at his plea hearing. He also argues that he was nervous, felt intimidated, and did not know how or when to address the court. However, in his motion for appointment of counsel, he did not provide any explanation for why he needed counsel. Accordingly, the court did not abuse its discretion when it denied Porras' motion. This issue is without merit.

## II. Whether the court erred by failing to require the State to file a written response to Porras' PCR motion.

8

¶19. Porras seemingly claims that the court erred by failing to require the State to file a written response to his PCR motion.

¶20. The Uniform Post-Conviction Collateral Relief Act (UPCCRA) provides, in relevant part:

> (2) If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the petitioner to be notified.
>
> (3) If the motion is not dismissed under subsection (2) of this section, the judge shall order the state to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate . . . .

Miss. Code Ann. § 99-39-11(2)-(3) (Rev. 2020).

¶21. It is clear that a written response is not required. Rather, a judge may order the State "to take such other action as the judge deems appropriate." *Id*. Although Circuit Court Judge John Gregory ordered the State to file a written response to Porras' PCR motion, Circuit Court Judge Kelly Luther ultimately required the State to appear for a hearing. Therefore, this issue is without merit.[6]

¶22. Porras also seemingly claims that he was denied the opportunity to seek discovery because the State did not submit a written response. However, this is contradicted by Porras'

---

[6] To the extent that Porras argues that the court erred by failing to enter a default judgment, we note that the court granted the State an extension of time to file a response. It was during that time that Porras filed his motion for a default judgment. For this reason, we cannot say that the judge abused his discretion by failing to grant a default judgment. The special concurrence goes beyond what was argued in the appellate briefs to discuss whether a default judgment may ever be rendered against the State. Because this specific issue was not briefed by either party, we decline to discuss it in the majority opinion.

9

assertion in his motion to compel that he filed a motion for discovery in March 2020. To the extent Porras claims that the State failed to respond not just to his PCR motion but to discovery requests, that is a matter that is outside of the record, and therefore we cannot consider it. *Johnson v. State*, 281 So. 3d 1221, 1227 (¶28) (Miss. Ct. App. 2019).

### III. Whether the court erred by denying Porras' PCR motion.

¶23. Porras claims that the court erred by denying his PCR motion. Essentially, Porras argues that the dates of the two prior DUI convictions used to charge him with felony DUI in 2006 were "arrest dates" and not dates of conviction. Consequently, Porras asserts that the bill of information was defective, his plea was involuntary, his conviction and sentence were illegal, and he was improperly classified as a habitual offender in 2018. We will address Porras' challenges to his 2006 felony DUI conviction and his sentence for his 2018 burglary convictions separately.

### A. 2006 Felony DUI Conviction

¶24. As stated, Porras takes issue with his 2006 felony DUI conviction and sentence. Yet in his PCR motion, Porras acknowledged that he could not appeal his 2006 sentence. Further, Porras had three years after the entry of the judgment of conviction to file a PCR motion. Miss. Code Ann. § 99-39-5(2) (Rev. 2020). Because Porras waited approximately thirteen years, his claim is statutorily time-barred.

### B. 2018 Burglary Convictions

¶25. Porras argues that the bill of information in his 2006 felony DUI case was defective, and therefore he was improperly classified as a habitual offender for his 2018 burglary

10

convictions.

¶26. In *Williams v. State*, 708 So. 2d 1358 (Miss. 1998), Williams challenged the sufficiency of his indictment for felony DUI. *Id*. at 1360 (¶8). Our supreme court stated, "In order to comply with the language [of the statute], the indictment merely had to state 'the number of times that the defendant has been convicted and sentenced within the past five (5) years under this section to determine if an enhanced penalty shall be imposed' in order to charge Williams with felony DUI." *Id*. at 1361 (¶14). In holding that the indictment was sufficient, our supreme court noted that Williams' indictment stated that he "ha[d] two or more convictions for violation of Section 63-11-30(1) of the Mississippi Code of 1972. Said offenses all have occurred within a five year period of this offense, evidence of which is attached hereto by court abstracts as Exhibits 1 and 2." *Id*. at 1361-62 (¶¶14, 18). The court further noted that "[t]he abstracts showed the charge, date of violation and court date, and the judgment and the sentence imposed by the court in each of Williams' two previous DUI convictions." *Id*. at 1361 (¶14).

¶27. Similarly, Porras' bill of information stated that he "had been previously convicted two or more times within a period of five (5) years of violating [section 63-11-30(1)]." Further, the bill of information showed the date of the offenses (though incorrectly labeled as the dates of conviction) and the judgments imposed by the courts. As in *Williams*, the charging instrument in this case was sufficient. Furthermore, Porras had pled guilty to felony DUI. "[T]he law is settled that with only two exceptions, the entry of a knowing and voluntary guilty plea waives all other defects or insufficiencies in the indictment." *Joiner*

11

*v. State*, 61 So. 3d 156, 159 (¶7) (Miss. 2011) (citing *Conerly v. State*, 607 So. 2d 1153, 1156 (Miss. 1992)). "A guilty plea does not waive an indictment's failure to charge an essential element of the crime, and it does not waive lack of subject matter jurisdiction . . . ." *Id*. Neither exception is at issue. Accordingly, the court did not err by denying Porras' PCR motion.

**IV. Whether the court erred by failing to consider all of Porras' claims.**

¶28. In his PCR motion, Porras argued that the circuit court should expunge his 2006 felony DUI conviction because after his probation revocation, he was required to serve six years for his five-year sentence. Porras subsequently filed a "Petition for Writ of Error Coram Nobis," asking the court to expunge his 2006 felony DUI conviction and asserting for the first time that his initial fine of $2,000 was imposed twice. The court denied post-conviction relief without specifically addressing these claims, and now Porras claims that was reversible error.

¶29. As to Porras' claim that he was required to serve six years for his five-year sentence, the record suggests otherwise. According to the court's initial sentencing order, Porras "[was] placed on two years of supervised probation," and at some point during that time he violated the terms of his probation. The record provides no evidence of how long Porras served for his initial term of incarceration, if at all, before his release. Additionally, as to Porras' claim that his initial fine of $2,000 was imposed twice (once in the initial sentencing order and once at the probation-revocation hearing), the revocation order makes no mention of a fine. For these reasons, the court's failure to address these claims does not constitute

12

reversible error.

¶30.   **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR. McCARTY, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION, JOINED BY McDONALD, J.**

**McCARTY, J., SPECIALLY CONCURRING:**

¶31.   I agree with the majority in all respects that the petitioner did not meet his burden of proving he was entitled to post-conviction relief. I write separately regarding Porras' second assignment of error, where he argued a default judgment should have been granted because the State never responded to his motion for post-conviction relief.

¶32.   First, default judgment is not an available remedy against the State of Mississippi—whether in a PCR or any other type of case. Second, since the petitioner always bears the burden of proof in a PCR, the relief sought in a request for post-conviction relief is not available through the procedural remedy of a default judgment. Therefore, I would expressly find the trial court correctly denied the motion for default judgment even though the State utterly failed to comply with the trial court's order to respond.

¶33.   To the extent this has been considered before in our jurisprudence, the Supreme Court has indicated that it is impossible to secure a default judgment against the State. The Court phrased this as having "some doubt as to whether a default judgment entered against the State *is even valid.*" *State Hwy. Comm'n of Miss. v. Hyman*, 592 So. 2d 952, 955 (Miss. 1991) (emphasis added).

¶34.   In *Hyman*, a default judgment was entered against the State Highway Commission in

13

an eminent domain proceeding. *Id*. at 953. The Court examined two statutes it found applicable; the first applied in all civil suits against the State and declared that "a bill shall not be taken as confessed *nor a judgment by default be rendered against the state*." Miss. Code Ann. § 11-45-3 (Rev. 2019) (emphasis added).

¶35.    The second statute involved the powers of the Executive; specifically, the Attorney General, and how process for "all suits against the state of Mississippi" must be served on her. Miss. Code Ann. § 7-5-41 (Rev. 2019). This law reiterates section 11-45-3 in declaring, "No decree pro-confesso or default judgment shall be taken against such defendant." Miss. Code Ann. § 7-5-41.[7]

¶36.    Relying on these laws, the Supreme Court reversed the trial court's entry of default judgment, holding that "[i]t appears from the plain meaning of these statutes that our legislature does not provide for a default judgment against the State in *any* claim including a suit such as the one presently at bar." *Id*. at 956 (emphasis added); *cf. Y-D Lumber Co. v. Humphreys County*, 2 So. 3d 793, 797 (¶13) (Miss. Ct. App. 2009) (holding "there can be no default judgment against [the State] for failing to answer a writ of garnishment").

¶37.    There is a reason one cannot obtain a default judgment against the State. "The State of Mississippi, because of the peculiar nature of its existence (for the benefit and welfare of all its citizens), occupies a different status from the ordinary litigant." *State ex rel. Pittman v. Griffin*, 450 So. 2d 426, 430 (Miss. 1984). As the Court ruled in that dispute, "executions

---

[7] Pro confesso, or "as confessed," applied to bills filed in chancery court and sounding in equity: "[p]rior to January 1, 1982, the effective date of the MRCP, default judgment and decrees *pro confesso* were governed by statutes and case law." *State Sec. Life Ins. Co. v. State ex rel. Dale*, 498 So. 2d 825, 830 (Miss. 1986).

14

cannot be levied against the State," and "[n]o defaults or decrees pro confesso may be entered against the State," even while "[s]tatutes of limitations do not run against the State and do run in favor of the State" (in addition to several other examples). *Id*. at 430-31. "The State enjoys certain procedural advantages in contrast to other litigants," the Court explained, "because it would often be impractical, impossible, and unjust on broad constitutional grounds to require the same standard of the State as an individual in all cases." *Id*.

¶38.    So whether it be an eminent domain case, a garnishment, or a PCR, a person cannot obtain a default judgment against the State.  Additionally, even though a PCR is civil in nature, there is a further reason that a default judgment is not available in cases of this type.[8] And that is because at all times the petitioner bears the burden of proving that the request for post-conviction relief is warranted:  "*No* relief shall be granted under this article unless the petitioner proves by a preponderance of the evidence that he is entitled to the relief."  Miss. Code Ann. § 99-39-23(7) (Rev. 2020) (emphasis added).  A default judgment is a procedural remedy for one party upon the failure to answer by an opposing party; it has nothing to do with the merits of the case.  To prevail in a PCR, one has to "prove[] by a preponderance of the evidence that he is entitled to the relief," *id.*, and so it cannot be accessed by a default judgment.[9]

---

[8] *See* Miss. Code Ann. § 99-39-7 (Rev. 2020) (A PCR begins "as an original civil action in the trial court" except when the original criminal conviction was directly appealed.); *Id*. § 99-39-15 (Rev. 2020) (discovery in PCR actions is "available under the Mississippi Rules of Civil Procedure").

[9] While a person cannot obtain a default judgment against the State in a PCR, a person *can* seek summary judgment.  *See* Miss. Code Ann. § 99-39-19 (Rev. 2020) ("The court may grant a motion by either party for summary judgment when it appears from the

¶39. Not only was Porras entitled to be frustrated that the State did not respond to his motion, but he also had the legitimate expectation that the State would comply with the order of a circuit court.[10] Nevertheless, what he could not expect was the remedy of a default judgment. Given precedent that default judgments are not available against the State, the express language of multiple statutes, and the burden of proof set by the Legislature in PCR cases, the trial court correctly denied Porras' motion for default judgment.

**McDONALD, J., JOINS THIS OPINION.**

---

record that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law"). In this scenario, the burden of preponderance carried by the petitioner must still be met through substantive argument and proof—not procedural maneuvering.

[10] One of the likely reasons Porras so vigorously pursued the angle of a default judgment is because the State never complied with the trial court's order to answer. A trial court may dismiss a motion for PCR "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]" Miss. Code Ann. § 99-39-11(2) (Rev. 2020). Yet when ordered by a trial court, as here, "[t]he answer [to a PCR] *shall* respond to all of the allegations of the motion and *shall* assert such affirmative defenses as the state may deem appropriate." Miss. Code Ann. § 99-39-13 (Rev. 2020) (emphasis added).

The circuit court "direct[ed] the State to file a response to the petition within 30 days of entry of this Order," and further "instruct[ed] the State to provide to the Court documents, if any, that verify petitioner's two convictions of driving under the influence, which were used as the basis of his conviction for felony DUI[.]" Despite apparently asking for time to respond—a motion that is not filed on the docket in our record—the State never filed a response to the trial court's order.

It is fundamental to our system of justice that attorneys must comply with court orders—not just to maintain respect for the Judiciary and our system of laws, but also to keep the machinery of our system of justice moving for all parties. *See* MRCP 3.2 cmt. ("Dilatory practices bring the administration of justice into disrepute"); *Mathes v. Miss. Bar*, 637 So. 2d 840, 848 (Miss. 1994) ("The need to deter . . . attorneys from ignoring court orders is self-evident").