# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-CA-01164-SCT

*KIMBERLEE DAVENPORT*

*v.*

*HANSAWORLD, USA, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/13/2015 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DANIEL MYERS WAIDE |
| ATTORNEYS FOR APPELLEE: | RICHARD MONTAGUE |
| | W. THOMAS SILER, JR. |
| | JASON THOMAS MARSH |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 01/19/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., COLEMAN AND MAXWELL, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.     HansaWorld USA, Inc. (HansaWorld) enrolled a foreign judgment in the Forrest County Circuit Court against Kimberlee Davenport from an award ordered by a court in Florida on claims of conversion and extortion. Davenport, a former employee of HansaWorld, also maintained claims against HansaWorld in a separate action before a federal district court in Mississippi alleging several violations of state and federal law, including Title VII of the Civil Rights Act for sexual harassment and discrimination (Employment Action).

¶2.    HansaWorld sought to collect on its foreign judgment by petitioning the circuit court to sell Davenport's Employment Action, so the circuit court entered a Writ of Execution. With the Employment Action set to be auctioned off by the Forrest County sheriff, Davenport filed an Emergency Motion to Quash Writ of Execution mere days before the scheduled sale. At a hearing on the motion, the circuit court granted Davenport's motion to quash on the condition that she post a $100,000 bond by that afternoon, the day of the scheduled sheriff's sale. Davenport failed to post the conditional bond, and as a result, the sheriff sold her Employment Action to the highest bidder, HansaWorld, for $1,000. Following sale of her Employment Action, Davenport appealed to the Court.

### FACTS AND PROCEDURAL HISTORY

¶3.    On January 13, 2015, the Eleventh Judicial Circuit in Miami-Dade, Florida, entered a judgment against Kimberlee Davenport in favor of her former employer HansaWorld USA, Inc., on claims of conversion and extortion. In total, Davenport was ordered to pay HansaWorld $265,719.45. At the same time as the preceding litigation, Davenport maintained claims against HansaWorld in the United States District Court for the Southern District of Mississippi alleging several violations of state and federal law, including Title VII of the Civil Rights Act for sexual harassment and discrimination (Employment Action). To further collection of the enrolled judgment, HansaWorld petitioned the Forrest County Circuit Clerk to enter a Writ of Execution of Enrolled Judgment, and the circuit clerk issued the writ, notifying the Forrest County sheriff to auction off Davenport's Employment Action in a sheriff's sale.

¶4.    Before the sheriff's sale could commence, Davenport filed for Chapter 13 bankruptcy relief in Texas, which placed an automatic stay on collection by all of her creditors, including HansaWorld. However, Davenport failed to appear at several bankruptcy proceedings, so the court dismissed her claim. Following the dismissal, the circuit clerk entered an Alias Writ of Execution of Enrolled Judgment in a second attempt to auction off Davenport's Employment Action in a sheriff's sale scheduled for July 13, 2015.

¶5.    On July 7, 2015, Davenport filed an Emergency Motion to Quash Writ of Execution. In her motion to quash, Davenport argued that, due to the nature of the claims she was making, the court should not allow her Employment Action to be sold because doing so would violate her constitutional rights. Davenport also argued that her Title VII claim should not be sold because the statute did not allow it, and the court would be going against public policy by selling a person's civil actions. The circuit court scheduled a hearing on the motion to quash for July 13, 2015, the intended day of the sheriff's sale.

¶6.    In response to Davenport's Emergency Motion, HansaWorld argued in brief and at the hearing that the employment action was Davenport's property right, not a civil right, so it could be sold at a sheriff's sale. HansaWorld supported its argument by stating that her claims were under Title VII, which confers statutory rights, not constitutional rights. HansaWorld also requested that the circuit court require Davenport to pay a bond if it granted the motion to quash because allowing a stay of the sheriff's sale essentially was a temporary injunction.

¶7.    At the hearing, the court granted the motion to quash but conditioned the grant on Davenport posting a $100,000 bond by two o'clock that afternoon or else the sheriff's sale would proceed as scheduled.  Davenport's counsel did not object to the conditional bond at the hearing.[1]  On the same day, the circuit court issued its Order Granting Emergency Motion to Quash Alias Writ of Execution Conditioned On Posting of $100,000 Bond and within it stated:

> After considering the pleadings and the arguments and representations of counsel, the court finds that the emergency motion to quash the alias writ of execution shall be and hereby is granted, conditioned on the posting of a bond by Davenport in the amount of $100,000.
>
> IT IS THEREFORE HEREBY ORDERED that if Davenport posts with the Clerk of this Court a bond in the amount of $100,000, the alias writ of execution will be quashed and the sheriff's sale of Davenport's chose in action against Hansaworld scheduled for 2:00 p.m. July 13, 2015, shall be stayed.
>
> IT IS FURTHER HEREBY ORDERED that if Davenport fails to post with the Clerk of this Court a bond in the amount of $100,000, before 2:00 p.m. July 13, 2015, the alias writ of execution will not be quashed and the sheriff's sale

---

[1]After both parties made their arguments, the following exchange occurred:
THE COURT: So this action in federal court [(Employment Action)] is set for August?
DAVENPORT: Yes, Your Honor.
THE COURT: And if there is recovery in that, you'll get your money out of it, right?
HANSAWORLD: Theoretically, yes, sir.
THE COURT: I am going to grant his [sic] motion, but I'm going to require that he [sic] post a $100,000 bond. Okay. Anything further?
HANSAWORLD: Well, Your Honor, if the sale is scheduled at two o'clock this afternoon, so will the sale be allowed to proceed –
THE COURT: No.
HANSAWORLD: – if the bond is not posted by then?
THE COURT: If the bond is not posted, yes.

4

of Davenport's chose in action against Hansaworld scheduled for 2:00 p.m. July 13, 2015 shall proceed as scheduled.

¶8. After Davenport failed to post the conditional bond, the circuit court allowed the sheriff's sale to proceed, and the sheriff sold Davenport's Employment Action to the highest bidder, HansaWorld, for $1,000. Davenport filed a Notice of Appeal on July 31, 2015.

## ANALYSIS

### I. Whether the circuit court's order granting the motion to quash was a final judgment.

¶9. In its brief, HansaWorld raised the issue of the Court's jurisdiction to hear the present appeal because, according to HansaWorld, there has not been a final judgment in the matter. Regardless of whether the appellant, appellee, or neither raises a jurisdictional issue, the Court is required to consider its own jurisdiction. *Smith v. Parkerson Lumber, Inc.*, 890 So. 2d 832, 834 (¶ 12) (Miss. 2003) (citing *Michael v. Michael*, 650 So. 2d 469, 471 (Miss. 1995)).

¶10. "Whether the circuit court had proper jurisdiction to hear a particular matter is a question of law" so "this Court must apply a de novo standard of review." *Burch v. Land Partners, L.P.*, 784 So. 2d 925, 927 (¶ 7) (Miss. 2001). In consideration of jurisdiction, the Court may question only a final, appealable judgment or that which "adjudicates the merits of the controversy and settles all issues as to all the parties and requires no further action by the trial court." *Brown v. Collections, Inc.*, 188 So. 3d 1171, 1174 (¶ 11) (Miss. 2016). Based upon the facts of the present case, we hold that the circuit court's order granting Davenport's motion to quash the writ of execution is a final, appealable judgment. We can

5

discern no other actions for the circuit court to take in the case and the parties have not identified any other issues that were not settled by the circuit court's order.

>    II.    **Whether the circuit court abused its discretion in conditioning the grant of the motion to quash on Davenport posting a $100,000 bond**.

¶11.    Davenport argues that circuit court abused its discretion in ordering the conditional bond because it serves no purpose. HansaWorld disagrees and asserts that Davenport did not object to the bond at the hearing, so she cannot raise the present issue for the first time on appeal. Also, HansaWorld argues that the circuit court was well within its discretion to condition the quashing on a bond because the bond was security for a request of injunctive relief pursuant to Mississippi Rule of Civil Procedure 65(c). The order as well as the transcript are silent as to the court's reasoning for conditioning the quash on the posting of a $100,000 bond.

¶12.    "The well-recognized rule is that a trial court will not be put in error on appeal for a matter not presented to it for decision." *Harrington v. Office of Mississippi Secretary of State*, 129 So. 3d 153, 169 (¶ 41) (Miss. 2013) (internal quotation marks omitted). Consequently, if the Court finds that Davenport did not present the present matter in the circuit court, then "the [present] issue is not properly before the Court," and the case should be dismissed as a result. *Id.*

¶13.    HansaWorld correctly asserts that it asked the court, both in brief and at the hearing, to condition any relief given to Davenport on the posting of a bond, pursuant to Mississippi Rule of Civil Procedure 65(c). Davenport neither wrote a response brief to HansaWorld's

objection to the motion to quash nor did she object at the hearing when the judge stated he was going to grant the motion to quash but require that she post a $100,000 bond. Davenport urges that she had no reason to respond to the requirement that she post a bond because she was requesting permanent relief– that the writ be quashed forever– negating the need for the bond. However, we are not convinced that Davenport properly preserved her right to raise the argument on appeal solely because the circuit court did or did not grant the type of relief she requested. Since Davenport never challenged the imposition of the bond below, the circuit court has never had an opportunity to address the appropriateness of the bond.

¶14. Davenport did not preserve the argument at the circuit court, and we hold her failure to do so waives her right to challenge the bond on appeal.

## CONCLUSION

¶15. Having determined that the circuit court's order is a final, appealable judgment and that the Court has jurisdiction to hear the appeal, we conclude that Davenport waived her right to challenge the circuit court's imposition of the bond on appeal because she failed to challenge the bond before the circuit court. We affirm.

¶16. **AFFIRMED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR. KING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, J.**

**KING, JUSTICE, DISSENTING:**

7

¶17. The majority argues that Davenport did not object to the bond set on the condition of granting her motion to quash, and that she thus waived any objection to the same on appeal. Because I believe that the Court should address the issue, I respectfully dissent.

¶18. It is true that when a party fails to object at the trial court level, "the point of error is not preserved on appeal." *State Highway Comm'n of Mississippi v. Hyman*, 592 So. 2d 952, 957 (Miss. 1991). However, "[t]his Court retains the power to notice plain error." *Id.* "The plain error doctrine reflects a policy to administer the law fairly and justly.[2] A party is protected by the plain error rule when (1) he has failed to perfect his appeal and (2) when a substantial right is affected." *Id.* In this case, a substantial right is affected, as Davenport had her entire Title VII lawsuit stripped from her control – purchased by the defendant in that suit itself. Moreover, the trial court committed plain error by conditioning the grant of a motion to quash on the posting of a bond, something that was not within its power to do under Rule 65.

¶19. Mississippi Rule of Civil Procedure 65 provides that

> No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs, damages, and reasonable attorney's fees as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained[.]

M.R.C.P. 65(c). The trial court did not issue a restraining order or preliminary injunction, thus Rule 65 does not apply. And Hansaworld does not point this Court to any other

---

[2]The plain error doctrine is consistent with the judicial oath of office. Miss. Const. art. 6, § 155 ("I will administer justice without respect to persons, and do equal right to the poor and to the rich[.]").

authority for granting a bond in this case. Hansaworld argues that the trial court's order granting a motion to quash is tantamount to a preliminary injunction. But it is not. First, the order in no way enjoins or restrains Hansaworld, so the purpose of requiring a bond is unclear. Second, granting a motion to quash offers permanent relief, while granting a preliminary injunction offers temporary relief. An order granting a motion to quash determines that the instrument to be quashed is irretrievably improper and should be eliminated.

¶20.   To "quash" means "[t]o annul or make void; to terminate." *Quash*, Black's Law Dictionary (10th ed. 2014). A "motion to quash" is therefore "[a] party's request that the court nullify process or an act instituted by the other party, as in seeking to nullify a subpoena." *Motion to Quash*, Black's Law Dictionary (10th ed. 2014). The trial court in this case found that, after considering the pleadings and arguments, "the emergency motion to quash the alias writ of execution shall be and hereby is granted, conditioned on the posting of a bond by Davenport in the amount of $100,000." Thus, the trial court found that the alias writ of execution should be completely nullified, as it apparently found that such alias writ was improper. To condition the complete nullification of an improper instrument on the posting of security is problematic and outside the scope of the rules. Either the writ of execution is improper and should be quashed regardless of ability to pay, or it is proper and should be allowed. Moreover, quashing an instrument, nullifying it forever, in no way threatens to improperly enjoin or restrain Hansaworld. Thus, the trial court was without the

authority to condition the grant of the motion to quash on the posting of a bond.  For this reason, I believe that the judgment of the trial court should be reversed.

**KITCHENS, J., JOINS THIS OPINION.**