# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2018-CT-00027-SCT

*DESOTO COUNTY, MISSISSIPPI*

*v.*

*STANDARD CONSTRUCTION COMPANY, INC.*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 09/29/2017 |
| TRIAL JUDGE: | HON. GERALD W. CHATHAM, SR. |
| TRIAL COURT ATTORNEYS: | WILLIAM P. MYERS |
| | ANTHONY NOWAK |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ROBERT QUIMBY |
| | ANTHONY NOWAK |
| ATTORNEY FOR APPELLEE: | WILLIAM P. MYERS |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART.  THE JUDGMENT OF THE DESOTO COUNTY CIRCUIT COURT IS AFFIRMED - 09/12/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.     On September 29, 2017, the circuit court, sitting as an appellate court, reversed a decision of the DeSoto County Board of Supervisors.  Eleven days later, on October 10, 2017, DeSoto County filed a motion seeking rehearing under Mississippi Rule of Appellate Procedure 40.  On December 22, 2017, the circuit court denied the motion.  On January 3, 2018, DeSoto County filed a notice of appeal "from the final judgment entered in this case

on September 29, 2017 and the denial of the Motion for Rehearing by order entered on December 22, 2017."

¶2. The Mississippi Court of Appeals dismissed DeSoto County's entire appeal as untimely because the motion for rehearing did not toll the thirty-day time period for filing a notice of appeal under Mississippi Rule of Appellate Procedure 4(a). *DeSoto Cty. v. Standard Constr. Co., Inc.*, No. 2018-CC-00027-COA, 2019 WL 276038, at **2, 5 (¶¶ 13, 20) (Miss. Ct. App. Jan. 22, 2019). We granted DeSoto County's petition for writ of *certiorari* to review the Court of Appeals' decision. While we agree that the appeal from the order of September 29, 2017, was untimely and should be dismissed, DeSoto County timely appealed the circuit court's order of December 22, 2017. Even though the appeal of the December order denying the motion for rehearing was timely, we hold that DeSoto County has waived any argument that the circuit court abused its discretion in denying the motion. Accordingly, we affirm the circuit court's judgment.

## FACTS AND PROCEDURAL HISTORY

¶3. The DeSoto County Board of Supervisors denied Standard Construction Company's application for a condition use permit to mine sand and gravel. Standard Construction appealed the decision to the circuit court under Mississippi Code Section 11-51-75 (Supp. 2018). On September 29, 2017, the circuit court entered an order reversing the board of supervisors. On October 10, 2018, DeSoto County filed a motion for rehearing under Mississippi Rule of Appellate Procedure 40. Standard Construction filed a response, arguing that Rule 40 does not apply to opinions and orders handed down by a circuit court. Standard

2

Construction also maintained that the motion for rehearing also was untimely under the Mississippi Rules of Civil Procedure because it was filed more than ten days after the circuit court had entered its order.

¶4.    On December 22, 2017, the circuit court denied the motion for rehearing, finding that DeSoto County "ha[d] failed to point to any new evidence, mistakes of law or fact, or other reason that would justify relief from the [circuit c]ourt's Order or otherwise warrant the [circuit c]ourt's reconsideration of the original appeal."

¶5.    On January 3, 2018, DeSoto County filed a notice of appeal of the "final judgment entered in this case on September 29, 2017, and the denial of the Motion for Rehearing by order entered on December 22, 2017."  While on appeal, Standard Construction filed a motion to dismiss the appeal as untimely.  Standard Construction argued that the Rule 40 motion was improper because it provided no authority for the circuit court to entertain a motion for rehearing even when sitting as an appellate court.  Alternatively, Standard Construction argued that even if a circuit court may hear a Rule 40 motion, the motion did not toll the time for filing an appeal.  DeSoto County filed a response to the motion to dismiss, arguing that the circuit court's order of September 29, 2017, was not a final, appealable judgment because the circuit court had failed to certify its order to the board of supervisors.[1]  Alternatively, DeSoto County argued that, assuming the order was a final,

_____

[1] The Court of Appeals rejected the argument because Section 11-51-75 does not contain any language requiring a circuit court to certify its order to the board of supervisors in order for it to be considered a final, appealable judgment.  *Standard Constr.*, 2019 WL 276038, at *1 n.5.  We agree.  The circuit court's order of September 29, 2017, was a final, appealable judgment, which had "adjudicate[d] the merits of the controversy and settle[d] all issues as to all the parties and require[d] no further action by the trial court."  *Davenport*

3

appealable judgment, the Mississippi Rules of Appellate Procedure apply exclusively and its motion for rehearing was timely because it was filed within fourteen days of the circuit court's order. As a second alternative, DeSoto County argued that the court should construe its motion for rehearing as a motion to alter or amend a judgment timely filed under Mississippi Rule of Civil Procedure 59(e).

¶6.     The Court ordered that the motion to dismiss be passed for consideration with the merits of the appeal and assigned the case to the Mississippi Court of Appeals. The Court of Appeals determined that it lacked jurisdiction and dismissed the entire appeal as untimely. ***Standard Constr.***, 2019 WL 276038, at \*5 (¶ 20). The Court of Appeals noted that DeSoto County's notice of appeal had been filed ninety-six days after the circuit court entered its judgment and held that DeSoto County's motion for rehearing did not toll the thirty day time period for filing a notice of appeal. ***Id.*** The Court of Appeals wrote that the Mississippi Rules of Appellate Procedure "reflect[] no tolling provision for the filing of a Mississippi Rule of Appellate Procedure 40 motion for rehearing." ***Id.*** at \*3 (¶ 17). The Court of Appeals rejected DeSoto County's argument that its motion for rehearing should be construed as a Mississippi Rule of Civil Procedure 59(e) motion to alter or amend a judgment because it was not filed within ten days after the entry of the judgment. ***Id.*** at \*4 (¶ 19). The Court of Appeals recognized that the ten-day requirement under Rule 59(e) is absolute and may not be extended. ***Id.*** Finally, the Court of Appeals wrote that an untimely Rule 59(e)

---

***v. Hansaworld, USA, Inc.***, 212 So. 3d 767, 770 (¶ 10) (internal quotation marks omitted) (quoting ***Brown v. Collections, Inc.***, 188 So. 3d 1171, 1174 (¶ 11) (Miss. 2016)). Put simply, no other controversy or issue remained to be settled by the circuit court.

motion may be considered a Rule 60(b) motion but that a Rule 60(b) does not toll the time period in which an appeal may be taken. *Id.*

¶7. We granted DeSoto County's petition for a writ of *certiorari* to address whether the Court of Appeals erred by dismissing the entire appeal.

## ANALYSIS

¶8. Because DeSoto County appealed from two separate circuit court orders, we will address each in turn.

**I.      Order of September 29, 2017**

¶9. Rule 1 of the Mississippi Rules of Appellate Procedure provides that, "[w]hen these rules provide for the making of a motion in the trial court, the procedure for making such motion shall be in accordance with the practice of the trial court." M.R.A.P. 1. A comment to Rule 1 provides,

> Trial court practice is governed by the Mississippi Rules of Civil Procedure, Mississippi Rules of Evidence, Mississippi Rules of Criminal Procedure, applicable uniform rules, and local rules where adopted pursuant to M.R.C.P. 83 or MRCrP 1.9. The term "trial court" in these rules includes a circuit or chancery court sitting as an appellate court.

M.R.A.P. 1 cmt.

¶10. Here, DeSoto County chose to file a motion for rehearing under Rule 40(a). Rule 40(a) provides, in pertinent part,

> A motion for rehearing may be filed within 14 days after a decision is handed down on the merits of a case by the Supreme Court or the Court of Appeals. The motion shall state with particularity the points of law or fact which, in the opinion of the movant, the court has overlooked or misapprehended and shall contain such argument in support of the motion as movant desires to present. The motion for rehearing should be used to call attention to specific errors of

5

law or fact which the opinion is thought to contain; the motion for rehearing is not intended to afford an opportunity for a mere repetition of the argument already considered by the court. Oral argument in support of the motion will not be permitted.

M.R.A.P. 40(a).

¶11.    The plain language of the rule leaves no doubt that motions seeking relief based on the reasons set forth in the rule apply strictly to decisions "by the Supreme Court or the Court of Appeals." M.R.A.P 40(a). Thus, a motion for rehearing under Rule 40(a) is not a viable motion in the circuit court sitting as an appellate court. Because we hold that a Rule 40 motion is not viable, we agree with the Mississippi Court of Appeals' analyzing the motion as if it had been filed under the Mississippi Rules of Civil Procedure.

¶12.    Notwithstanding the style of a motion, if it challenges the correctness of a judgment and is timely made within ten days, it will be treated as one made under Rule 59(e). ***Bruce v. Bruce***, 587 So. 2d 898, 902 (Miss. 1991). Rule 59(e) provides no extension of the ten-day filing period based on service by mail of the entry of the judgment. *See* M.R.C.P. 59(e).

¶13.    We pause to address the Court's holding in ***Wilburn v. Wilburn***, 991 So. 2d 1185 (Miss. 2008), which is aptly distinguished by the Court of Appeals. *See **Standard Constr.**,* 2019 WL 276038, at *4 n.3. In ***Wilburn***, the plaintiff had filed an untimely Rule 59(e) motion, but the Court held that it nonetheless had jurisdiction over the appeal because the defendant had failed to object at the trial level to the timeliness of the plaintiff's untimely motion. ***Wilburn***, 991 So. 2d at 1191 (¶¶ 12-13). The Court of Appeals correctly notes that unlike the circumstances in ***Wilburn***, Standard Construction opposed DeSoto County's motion for rehearing and argued to the circuit court that it was an untimely Rule 59(e) motion

6

because it had been filed more than ten days after the circuit court had entered its order. ***Standard Constr.***, 2019 WL 276038, at *3 n.3. Thus, the Court's holding in ***Wilburn*** is inapplicable to the case before the Court today.

¶14. The Court, looking to our federal counterpart rules, has adopted the view that "if a motion is [filed] within ten days of the rendition of judgment, the motion falls under Rule 59(e) with the result that the time for filing a notice of appeal is tolled until the ruling on the post-trial motions." ***City of Jackson v. Jackson Oaks Ltd. P'ship***, 792 So. 2d 983, 985 (¶ 3) (Miss. 2001) (footnote omitted) (citing ***Bruce v. Bruce***, 587 So. 2d 898, 904 (Miss. 1991); M.R.A.P. 4(d)). "[T]he converse is also true, i.e., if the motion of this kind is filed later than ten days after entry of judgment, it is to be considered a Rule 60 motion." ***Jackson Oaks***, 792 So. 2d at 985 (¶ 3).

> How a court treats a motion for reconsideration turns on the time at which the motion is [filed]. If the motion is [filed] within ten days of the rendition of judgment, the motion falls under Rule 59(e). If it is after that time, it falls under Rule 60(b).

***Cannon v. Cannon***, 571 So. 2d 976, 978 n.2 (Miss. 1990).[2]

¶15. DeSoto County's motion for rehearing, filed eleven days after the entry of the circuit court's judgment, falls under Rule 60(b). Rule 60(b) reads,

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) fraud, misrepresentation, or other misconduct of an adverse party;

---

[2] The rule has since been amended to require that the motion be *filed* within ten days, not *served*. M.R.C.P. 59(b).

(2) accident or mistake;

(3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;

(6) any other reason justifying relief from the judgment.

M.R.C.P. 60(b).

¶16. The circuit court denied DeSoto County's motion for rehearing because it "failed to point to any new evidence, mistakes of law or fact, or other reason that would justify relief from the [circuit c]ourt's Order or otherwise warrant the [circuit c]ourt's reconsideration of the original appeal." The language used by the circuit court tracks the reasons set out in Rule 60(b) that might justify relief from a judgment or order. *See* M.R.C.P. 60(b)(2)-(3). The circuit court properly considered DeSoto County's motion a Rule 60(b) motion for relief from the judgment that had been filed within a reasonable time. *See **Jackson Oaks**,* 792 So. 2d at 985 (¶ 3).

¶17. A Rule 60(b) motion filed more than ten days after a circuit court's order is entered does not toll the time to appeal. ***Michael v. Michael***, 650 So. 2d 469, 471 (Miss. 1995); M.R.A.P. 4(d).[3] Therefore, the Court of Appeals correctly dismissed DeSoto County's

---

[3] Mississippi Rule of Appellate Procedure 4(d) provides, in relevant part,

If any party files a timely motion of a type specified immediately below the

8

appeal from the order of September 29, 2017, as untimely. However, as further explained below, the Court of Appeals erred by dismissing the entire appeal as untimely. We proceed by addressing the timeliness of DeSoto County's appeal from the December 22, 2017 order denying its motion for rehearing.

**II.     Order of December 22, 2017**

¶18.    "We review the grant or denial of a Rule 60(b) motion for abuse of discretion." ***Smith v. Doe***, 268 So. 3d 457, 461 (¶ 8) (Miss. 2018) (citing ***Finch v. Finch***, 137 So. 3d 227, 232 (¶ 11) (Miss. 2014)).

¶19.    Although we agree that DeSoto County's appeal of the September 29, 2017 order was untimely, DeSoto County's appeal of the order of December 22, 2017, was timely. DeSoto County's filed its notice of appeal within thirty days of the circuit court's order denying its motion for rehearing. As discussed above, the circuit court properly treated DeSoto County's motion for rehearing as a Rule 60(b) motion.

¶20.    "'[A]n order denying a motion under Rule 60(b) is final and appealable.' . . . But an appeal from a denial of the motion brings up for review only the order of denial itself and not the underlying judgment." ***Overbey v. Murray***, 569 So. 2d 303, 305 (Miss. 1990) (quoting

---

time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion under the Mississippi Rules of Civil Procedure (1) for judgment under Rule 50(b); (2) under Rule 52(b) to amend or make additional findings of facts, whether or not granting the motion would alter the judgment; (3) under Rule 59 to alter or amend the judgment; (4) under Rule 59 for a new trial; or (5) for relief under Rule 60 if the motion is filed no later than 10 days after the entry of judgment.

M.R.A.P. 4(d).

9

11 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2871, at 258–259 (1973)). We do not have jurisdiction to review the circuit court's underlying judgment of September 29, 2017. However, because DeSoto County's notice of appeal was with respect to the order of December 22, 2017, the circuit court's denial of the motion for rehearing was properly before the Court of Appeals.

¶21. As mentioned above, "Rule 60(b) provides for amendment to an order on the basis of fraud, misrepresentation, mistake, or newly discovered evidence." *McNeese v. McNeese*, 119 So. 3d 264, 272 (¶ 20) (Miss. 2013) (internal quotation marks omitted) (citing M.R.C.P. 60(b)). "Rule 60(b) motions are reserved for 'exceptional circumstances,' and a party is not entitled to relief simply because he is unhappy with a judgment." *McNeese*, 119 So. 3d at 272 (¶ 20) (quoting *Perkins v. Perkins*, 787 So. 2d 1256, 1261 (¶ 9) (Miss. 2001)). Moreover, "[a] Rule 60(b) motion should be denied where it is merely an attempt to relitigate a case." *McNeese*, 119 So. 3d at 272 (¶ 20) (quoting *Askew v. Askew*, 699 So. 2d 515, 519 (¶ 17) (Miss. 1997)).

¶22. On appeal, DeSoto County does not argue that the circuit court abused its discretion in denying the motion under Rule 60(b). Because the Court's analysis is limited to the arguments actually raised, the ruling is not before the Court for review. *See Roberts v. State*, 234 So. 3d 1251, 1260 (¶ 21) (Miss. 2017). Accordingly, the circuit court's order denying DeSoto County's motion for rehearing as a Rule 60(b) motion is affirmed.

¶23. **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART. THE JUDGMENT OF THE DESOTO COUNTY CIRCUIT COURT IS AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., MAXWELL, BEAM AND ISHEE, JJ., CONCUR. CHAMBERLIN AND GRIFFIS, JJ., NOT PARTICIPATING.**