# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-CT-00046-SCT

*OMAR K. HUMPHREY*

*v.*

*STEVE HOLTS, CHIEF OF POLICE OF THE*
*CITY OF SENATOBIA, AND JOHN W.*
*CHAMPION, DISTRICT ATTORNEY*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 12/18/2020 |
| TRIAL JUDGE: | HON. VICKI B. DANIELS |
| TRIAL COURT ATTORNEYS: | IMHOTEP ALKEBU-LAN |
| | GINGER M. MILLER |
| COURT FROM WHICH APPEALED: | TATE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | IMHOTEP ALKEBU-LAN |
| ATTORNEY FOR APPELLEES: | JERRY WESLEY HISAW |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED, AND THE CASE IS REMANDED TO THE COURT OF APPEALS - 08/04/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1.    We granted Omar K. Humphrey's petition for writ of certiorari to review the judgment of the Court of Appeals, which dismissed Humphrey's direct appeal for want of an appealable judgment. *Humphrey v. Holts*, No. 2021-CA-00046-COA, 2021 WL 5459422, at *2-3 (Miss. Ct. App. Nov. 23, 2021). Finding that there was, in fact, a final, appealable

judgment and that the Court of Appeals should have decided Humphrey's appeal on the merits, we reverse the Court of Appeals' judgment and remand the case to the Court of Appeals for a decision on the merits of the appeal.

¶2.    A recitation of all the facts surrounding Humphrey's claims is unnecessary here. Those claims are fully detailed in the opinion of the Court of Appeals. *Id.* We only point out the facts pertinent to this decision.

¶3.    On June 3, 2020, Humphrey filed a singular document titled Complaint for Violation of the Mississippi Public Records Act of 1983. *Id.* at *1. The defendants to this complaint were Steve Holts, police chief of Senatobia, and John Champion, district attorney for the Seventeenth Circuit Court District. *Id.* Humphrey's complaint alleged that neither Holts nor Champion had responded to his letters requesting evidence and documents that related to his conviction. Humphrey's complaint alleged the same basis for his claims against both Holts and Champion and made very little, if any, distinction between the two other than referencing the individual letters sent to each defendant.

¶4.    Holts responded with a motion to dismiss the complaint and a motion to quash subpoenas. *Id.* It appears from the record that Champion was properly served but failed to file a responsive pleading. Importantly, Holt's motion to dismiss requested dismissal of the complaint with prejudice. Subsequently, the chancery court entered an Order of Dismissal on Petitioner's Complaint for Violation of the Public Records Act and Order Granting City of Senatobia's Motion to Quash, finding the records requested by Humphrey to be exempt

2

from the Public Records Act. *Id.* The order directed that "the Complaint for Violation of the Public Records Act is hereby dismissed with prejudice[.]"

¶5. There is only one complaint in this cause, that names two defendants. The complaint asserts the same claims against both defendants. Holts requested that *the complaint* be dismissed with prejudice, while separately asking that the subpoenas issued specifically to the city of Senatobia be quashed. The chancery court dismissed the entire complaint, not just the claims against Holts, and did not mention the status of the claims against Champion.

¶6. We cannot say why the chancery court dismissed the complaint as to both defendants, only that her order did so. The transcript indicates she found the records exempt from disclosure, presumably under Mississippi Code Section 25-61-3 (Rev. 2018). Likewise, we make no finding as to whether dismissing the entire complaint was appropriate. That issue is not before this Court, and the distinction between dismissing Holts alone, as opposed to dismissing both defendants, does not appear to be raised by Humphrey. Finally, we make no decision on the merits of Humphrey's claim. We only find that the Court of Appeals should have the opportunity to make such a decision.

¶7. Since the chancellor dismissed Humphrey's complaint, no pending claims are left to be adjudicated. *See Vronsky v. Presley (In re Adoption of Karenina)*, 526 So. 2d 518, 522 (Miss. 1988) (When the "only reasonable interpretation of the ruling . . . is that it finally terminates the litigation in the trial court[,]" the ruling is a final judgment and "no further act by the court [is] necessary."). Therefore the judgment is final and appealable. *See Davenport v. Hansaworld, USA, Inc.*, 212 So. 3d 767, 770 (Miss. 2017) ("the Court may question only

3

a final, appealable judgment or that which 'adjudicates the merits of the controversy and settles all issues as to all the parties and requires no further action by the trial court.'" (quoting **Brown v. Collections, Inc.**, 188 So. 3d 1171, 1174 (Miss. 2016))).

¶8.     We reverse the judgment of the Court of Appeals and remand this matter to the Court of Appeals for a decision on the merits of Humphrey's appeal.

¶9.     **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED, AND THE CASE IS REMANDED TO THE COURT OF APPEALS.**

**RANDOLPH, C.J., KITCHENS, P.J., COLEMAN, MAXWELL, BEAM, ISHEE AND GRIFFIS, JJ., CONCUR. KING, P.J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, P.J.**

**KING, PRESIDING JUSTICE, SPECIALLY CONCURRING:**

¶10.     Although I agree with the majority's holding to reverse the Court of Appeals' judgment and to remand the case to the Court of Appeals for further consideration, I write separately to address District Attorney John Champion's unresponsiveness to Omar Humphrey's Complaint for Violation of the Mississippi Public Records Act of 1983.

¶11.     Humphrey submitted Public Records Act requests to Champion and to the then-acting police chief of Senatobia, Steve Holts. Neither Champion nor Holts responded to the request. As a result, Humphrey filed his complaint against Champion and Holts for violation of the Public Records Act. Holts responded with a motion to dismiss; however, while Champion was properly served with the complaint, he failed to file any responsive pleading or to join Holts's motions. Therefore, I would find that the Court of Appeals should specifically address the issue of Champion's lack of responsiveness on remand.

**KITCHENS, P.J., JOINS THIS OPINION.**